**3**

Vy T. Pham, Esq.
California Bar No. 249911
MILES, BAUER, BERGSTROM & WINTERS, LLP
1231 E. Dyer Road, Suite 100
Santa Ana, CA 92705
(714) 481-9100 / FAX (714) 481-9144
File No. 09-12900

Attorneys for Movant,
HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF DEUTSCHE ALT-B SECURITIES MORTGAE LOAN TRUST, SERIES 2006-AR1 MORTGAGE PASS-THROUGH CERTIFICATES

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| IN RE:<br><br>MICHAEL MALONEY AND TERESA MALONEY AKA MICHAEL LEE MALONEY, FKA TERESA LEE DIEHL, AKA TERESA LEE MALONEY,<br><br>DEBTORS. | Case No.: 09-47089-A-7<br>Chapter 7<br>DC No. MBB-001<br><br>**Hearing –**<br>Date: May 10, 2010<br>Time: 09:00 A.M.<br>Place: U.S. BANKRUPTCY COURT<br>501 I Street<br>Sacramento, CA 95814<br>Courtroom 28, Dept. A, 7th Floor |

### <u>MOVANT HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF DEUTSCHE ALT-B SECURITIES MORTGAE LOAN TRUST, SERIES 2006-AR1 MORTGAGE PASS-THROUGH CERTIFICATES'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY</u>

HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF DEUTSCHE ALT-B SECURITIES MORTGAE LOAN TRUST, SERIES 2006-AR1 MORTGAGE PASS-THROUGH CERTIFICATES, its assignees and/or successor in interest ("Movant" herein), moves this Court for an Order terminating the Automatic Stay of 11

U.S.C. §362 as to Movant (and the Trustee under the Deed of Trust securing Movant's claim) so that Movant (and its Trustee) may commence and continue all acts necessary to foreclose under the Deed of Trust secured by Debtors' property, generally described as **4095 Sailors Ravine Road, Auburn, CA 95603** ("Property" herein).

Movant alleges the value of the Property to be approximately $438,000.00 based upon Schedule A-Real Property of the Debtors' Schedules. Attached hereto as **Exhibit "1"** is a copy of Schedule A-Real Property of the Debtors' Schedules. Movant requests that the Court take Judicial Notice, pursuant to Federal Rules of Evidence Rule 201, of the attached Exhibit as to the issue of value of the subject Property.

There is currently a second Trust Deed upon the Property in favor of COUNTRYWIDE HOME LENDING, securing a Promissory Note in an unknown original amount. The present unpaid principal balance of said Note is $185,648.00 as listed on Schedule D-Creditors Holding Secured Claims of the Debtors' Schedules. Attached hereto as **Exhibit "2"** is a copy of Schedule D-Creditors Holding Secured Claims of the Debtors' Schedules.

There is currently a Tax Lien upon the Property in favor of PLACER COUNTY TREASUERER, in the total amount of $8,917.00 as listed on Schedule D-Creditors Holding Secured Claims of the Debtors' Schedules.

Movant alleges that there appears to be no equity with respect to the subject Property, that Movant is not adequately protected, that the Property is not necessary for an effective reorganization, and that cause exists, in that Movant is not receiving its regular monthly payments, and/or that it would be unfair and inequitable to delay Movant in the foreclosure of Movant's interest in the subject Property. 11 U.S.C. Section 362(d).

On or about February 16, 2010, Secured Creditor mailed to the Chapter 7 Trustee, Michael F. Burkart, a letter informing the Trustee of our intention to file a Motion for Relief and

request for possible stipulation/abandonment. Attached hereto as **Exhibit "3"** is a true and correct copy of the letter.

In the event neither Debtors nor Debtors' Counsel appear at a Hearing on this Motion, the Court may grant relief from the Automatic Stay permitting Movant to foreclose on the subject Property and obtain possession of such Property without further Hearing.

This Motion is made pursuant to Local Rule 4001-1. Any response must be in writing and in accordance with Local Rule 9014-1(f)(1)(ii).

WHEREFORE, Movant prays for an order as follows:

(1) For an Order granting relief from Automatic Stay, permitting Movant to move ahead with Foreclosure proceedings under Movant's Trust Deed, and to sell the subject Property at a Trustee's Sale under the items of said Trust Deed including necessary action to obtain possession of the Property.

(2) For an Order waiving the 14-day stay provided by Bankruptcy Rule 4001(a)(3).

(3) For an Order binding and effective despite any conversion of this bankruptcy case.

(4) For such other relief as this Court deems appropriate.

MILES, BAUER, BERGSTROM & WINTERS, LLP

Dated: 04/01/10     By: /s/ Vy T. Pham
                         Vy T. Pham, Esq.
                         Attorney for Movant